IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE B. NORTON, JR.,<br><br>         Plaintiff,<br><br>    v.<br><br>McDONALD HAMBURGER CORP.,<br>et al.,<br><br>         Defendants.<br>_____/ | No. CIV.S-05-0639 FCD DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on defendant Thomas Teague's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary adjudication. Kari E. Levine appeared on behalf of defendant Thomas Teague at the hearing on the motion.  James F. Waite appeared on behalf of defendant McDonald's Corporation, which has joined in the motion. Plaintiff, proceeding pro se, appeared on his own behalf.  Having considered all written materials submitted in connection with the motion, and after hearing oral argument, for the reasons set forth
/////

1

below the undersigned will recommend that the motion to dismiss be granted in part.

**LEGAL STANDARDS**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)(en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

/////

2

**ANALYSIS**

The gravamen of plaintiff's complaint is that he was discriminated against on the basis of race when he was accused by employees of a McDonald's restaurant in Tahoe City, California of stealing a soda and denied service. Liberally construed, plaintiff's three-page handwritten complaint asserts causes of action for defamation and violation of his civil rights.[1] Defendants seek dismissal of plaintiff's defamation cause of action, solely on the grounds that any such cause of action is barred by the applicable one-year statute of limitations set forth in California Code of Civil Procedure § 340(c).

While the complaint contains apparent typographical errors, taken as a whole it alleges that the conduct complained of occurred in large part on August 16, 2003.[2] Plaintiff did not submit his complaint for filing until August 18, 2004, more than one year thereafter. Plaintiff has not advanced any argument in support of the tolling of the one year statute of limitations. Therefore, the undersigned will recommend that any defamation cause of action

---

[1] In the order transferring this case from the Northern District of California to this court, United States Magistrate Judge Joseph C. Spero construed the civil rights cause of action as alleging conduct falling within the ambit of 42 U.S.C. § 1981, which creates a federal remedy for patrons who have been denied service by a restaurant on the basis of race.

[2] Citing the declaration of Placer County Sheriff's Department Deputy Stephanie Novick, and an incident report prepared by Deputy Novick following the events in question, defendants assert that the incident actually occurred on August 14, 2003. Nonetheless, whether the event occurred on August 14 or 16, 2003, is insignificant. Both dates are more than a year before plaintiff filed his complaint.

arising out of the incident of August, 2003,[3] be dismissed as time-barred.

In this regard, the court is not persuaded by plaintiff's argument that any such cause of action is timely because he mailed his complaint to the court on August 13, 2004, prior to the expiration of the statute of limitations. Even if plaintiff signed and dated his fee waiver application and civil cover sheet on August 13, 2004, there is no evidence that he actually placed his complaint in the mail on that day. More significantly, the applicable rule is that "'[p]apers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court.'" Cintron v. Union Pac. R. Co., 813 F.2d 917, 920 (9th Cir. 1987)(quoting C. Wright & A. Miller, Federal Practice and Procedure § 1153 (1969)). See also Ordonez v. Johnson, 254 F.3d 814, 816 (9th Cir. 2001)(complaint is filed when placed in actual or constructive custody of clerk despite any subsequent rejection by clerk for non-compliance with local rules). Here, the complaint was stamped "received" by the Clerk of the Court for the Northern District of California on August 18, 2004,[4] which therefore is the controlling date for statute of limitations purposes.

Plaintiff also points to the allegation on the first page of his complaint that he was further verbally "accosted" on or about

---

[3] The court refers to the date of the incident in this manner due to the apparent dispute as to whether the incident occurred on August 14 or 16, 2003.

[4] The complaint then was processed and stamped "filed" on September 3, 2004.

4

August 15, 2004, when he returned to the McDonald's in an attempt to get address information regarding defendants in order to pursue this lawsuit.  Plaintiff asserts that this subsequent incident, which occurred just days prior to the filing of his complaint, should render his defamation claim timely.  As explained below, that assertion is persuasive only in part.

The one year statute of limitations applicable to actions for defamation "runs from the utterance or publication of the defamatory matter." Wiener v. Superior Court, 58 Cal. App. 3d 525, 529, 130 Cal. Rptr. 61, 63 (1976).  Any defamatory remarks uttered in August of 2004 do not save any claim arising out of speech in August of 2003 from being untimely.[5]  Rather, any separate defamatory remark made in 2004 instead gives rise to a separate cause of action.[6] See Schneider v. United Airlines, Inc., 208 Cal. App. 3d 71, 76, 256 Cal. Rptr. 71, 74 (1989)(a cause of action arises each time defamatory matter is published); Wiener, 58 Cal. App. 3d at 529, 130 Cal. Rptr. at 63 (holding that the statute of limitations runs separately for

---

[5] There is no allegation of an ongoing conspiracy such that the remarks of August 15, 2004, might be considered the last overt act carried out in furtherance of the conspiracy for statute of limitations purposes.  See, e.g., Schessler v. Keck, 125 Cal. App. 2d 827, 832-33, 271 P.2d 588, 592 (1954)("Where the complaint alleges that all the allegedly libelous acts were committed pursuant to a conspiracy formed by the defendants, the statute of limitations does not commence to run against any of the alleged libelous acts until commission of the last overt act done in pursuance of the conspiracy.").

[6] Plaintiff's complaint does not detail the content of the allegedly defamatory remarks uttered on August 15, 2004, and the undersigned expresses no opinion as to whether those alleged remarks were in fact defamatory.

different utterances published in different newspapers at different time). For this reason, the undersigned will recommend that defendants' motion to dismiss be granted in part. Plaintiff's defamation claim arising from the August, 2003 encounter at McDonald's is time-barred. However, to the extent plaintiff's defamation claim is based on the alleged defamatory remarks made in August, 2004, the claim is not time-barred and dismissal is inappropriate.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be granted in part and that the defamation cause of action arising out of the incident of August, 2003 be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.prose/norton0639.f&r

6