IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE B. NORTON, JR., | No. CIV.S-05-0639 FCD DAD PS |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| McDONALD HAMBURGER CORP., et al., | |
| Defendants. / | |

This matter is before the court on defendant Thomas Teague's motion for summary judgment, or in the alternative, summary adjudication. Jason T. Cooksey appeared on behalf of defendant Thomas Teague at the hearing on the motion on March 3, 2006. James F. Waite appeared on behalf of defendant McDonald's Corporation, which has joined in the motion. Plaintiff, proceeding pro se, did not appear at the hearing or file written opposition to the motion, which is therefore unopposed. Having considered all written materials submitted in connection with the motion, and after hearing oral argument, for the reasons set forth below the undersigned will

1

1 recommend that the motion for summary judgment be granted and this
2 action be dismissed.

### LEGAL STANDARDS

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979), cert. denied, 455 U.S. 951 (1980).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty

/////

1 Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v.
2 Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).
3        In resolving the summary judgment motion, the court
4 examines the pleadings, depositions, answers to interrogatories, and
5 admissions on file, together with the affidavits, if any.  Rule
6 56(c); see also SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th
7 Cir. 1982).  The evidence of the opposing party is to be believed,
8 Anderson, 477 U.S. at 255, and all reasonable inferences that may be
9 drawn from the facts placed before the court must be drawn in favor
10 of the opposing party, Matsushita, 475 U.S. at 587 (citing United
11 States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); see
12 also United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887
13 (9th Cir. 1981).  Nevertheless, inferences are not drawn out of the
14 air, and it is the opposing party's obligation to produce a factual
15 predicate from which the inference may be drawn.  See Richards v.
16 Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
17 aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

**ANALYSIS**

19        Plaintiff's complaint alleges that he was intentionally
20 discriminated against on the basis of his race when he was accused by
21 employees of a McDonald's restaurant in Tahoe City, California of
22 stealing soda and denied service.  As previously observed by the
23 undersigned in connection with defendants' motion to dismiss, a
24 liberal construction of plaintiff's three-page handwritten complaint
25 reveals causes of action for defamation and violation of his civil
26 rights under 42 U.S.C. § 1981, which creates a federal remedy for

3

1 patrons who have been denied service by a restaurant on the basis of
2 race.  (Findings and Recommendations filed December 14, 2005 at p.
3 3.)

4    Defamation

5    Plaintiff filed his complaint in this action on August 18,
6 2004.  Defendants persuasively argue that plaintiff's cause of action
7 for defamation is barred by the applicable one-year statute of
8 limitations set forth in California Code of Civil Procedure § 340(c).
9 In light of the somewhat difficult to decipher nature of plaintiff's
10 complaint, the undersigned had suggested in addressing defendants'
11 motion to dismiss that any attempt by plaintiff to state a defamation
12 claim based on conduct occurring between the parties on August 15,
13 <u>2004</u>, may be timely.  (Findings and Recommendations filed December
14 14, 2005 at p. 4-6.)

15    However, at his deposition plaintiff clarified that his
16 defamation claim arises solely out of events that took place in
17 August of <u>2003</u>.  While plaintiff could not recall the precise date,
18 the police report regarding the incident involving plaintiff at the
19 McDonald's restaurant in question reflects that it occurred on August
20 14, 2003, more than a year prior to plaintiff's filing of his
21 complaint.  Therefore, the undersigned will recommend that
22 defendants' motion for summary judgment be granted in this regard and
23 that plaintiff's defamation cause of action be dismissed as time
24 barred.

25    Finally, in a letter filed with the court after the hearing
26 on defendants' motion, plaintiff reiterates his position that his

4

defamation claim is timely because he mailed his complaint to the U.S. District Court for the Northern District of California within the one-year limitations period. The court again finds that argument unpersuasive for the same reasons set forth in the court's previous findings and recommendations addressing defendants' motion to dismiss. (Findings and Recommendations filed December 14, 2005 at p. 4.) As explained therein, the complaint was stamped "received" by the Clerk of the Court for the Northern District of California on August 18, 2004, beyond the applicable limitations period. (Id.) As the Ninth Circuit has recognized, "[p]apers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court.'" Cintron v. Union Pac. R. Co., 813 F.2d 917, 920 (9th Cir. 1987)(quoting C. Wright & A. Miller, Federal Practice and Procedure § 1153 (1969)). See also Ordonez v. Johnson, 254 F.3d 814, 816 (9th Cir. 2001)(complaint is filed when placed in actual or constructive custody of clerk despite any subsequent rejection by clerk for non-compliance with local rules).[1]

### Intentional Discrimination

Turning to the § 1981 cause of action, the required inquiry is governed by the familiar McDonnell-Douglas burden shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973); Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989), reversed on other grounds by the Civil Rights Act of 1991,

---

[1] The court finds the other matters addressed in plaintiff's letter, including the parties' apparent settlement negotiations, irrelevant to the resolution of the instant motion.

5

1  Pub.L. No. 102-166, § 101, 105 Stat. 1071, 1071-72 (1991); <u>Doe v.
2  Kamehameha, Schools/Bernice Pauahi Bishop Estate</u>, 416 F.3d 1025, 1036
3  (9th Cir. 2005).  Under that framework, the plaintiff must first
4  establish a prima facie case of racial discrimination.  <u>Lindsey v.
5  SLT Los Angeles, LLC</u>, 432 F.3d 954, 958-59 (9th Cir. 2005); <u>Lowe v.
6  City of Monrovia</u>, 775 F.2d 998, 1005 (9th Cir. 1985).  If the
7  plaintiff does so, then the burden shifts to the defendant to
8  articulate a legitimate nondiscriminatory reason for the challenged
9  decision.  <u>Lindsey</u>, 432 F.3d at 958-59.  If the defendant meets that
10 burden, the plaintiff must demonstrate that the alleged reason for
11 the decision is a pretext for another motive which is discriminatory.
12 <u>Id</u>. at 959.

13        The elements of a prima facie case of intentional
14 discrimination under § 1981 require plaintiff to show that: (1) he is
15 a member of a protected class; (2) he attempted to contract for
16 certain services; (3) he was denied the right to contract for those
17 services; and (4)(a) he was deprived of services while similarly
18 situated persons outside the protected class were not and/or (b) he
19 received services in a markedly hostile manner and in a manner which
20 a reasonable person would find objectively discriminatory.  <u>Lindsey</u>,
21 432 F.3d at 959 (adapting the prima facie elements applicable in
22 cases involving claims of employment discrimination context to claims
23 /////
24 /////
25 /////
26 /////

6

of racial discrimination in non-employment contracts arising under 42 U.S.C. § 1981 as a matter of first impression in the Ninth Circuit).[2]

Here, it is undisputed that plaintiff is a member of a protected class.  However, plaintiff has simply presented no evidence that would satisfy the second, third or fourth elements of a prima facie showing.  For this reason alone, defendants' motion must be granted.

Despite plaintiff's failure to make the required prima facie showing of intentional discrimination, defendants have nonetheless articulated a legitimate nondiscriminatory reason for the adverse action of asking plaintiff to leave their restaurant.  Plaintiff has presented no evidence that would even suggest that the reason provided was a mere pretext for intentional discrimination.  The undisputed evidence shows that plaintiff was granted access to and served at the restaurant in question on a number of occasions leading up to and including the date in question.  The evidence reflects that plaintiff was told to exit the restaurant on the date in question only after being suspected of stealing soda and pouring his beverage at the manager's feet when confronted with that suspicion.  For these reasons as well, defendants' motion for summary judgment on plaintiff's cause of action brought pursuant to 42 U.S.C. § 1981 should be granted as well.

---

[2] The precise contours of the fourth element of the required prima facie case is an open question.  See Lindsey, 432 F.3d at 959-60.  Out of an abundance of caution, the court has applied the more relaxed version of the fourth element here which does not necessarily require a plaintiff to establish the treatment that was accorded to other customers of the defendant.  Id. at 959.

**CONCLUSION**

There is no genuine issue as to any material fact on any of plaintiff's claims and defendants are entitled to judgment as a matter of law.  Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 8, 2006.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.prose/norton0639.f&r.msj

8